IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHEN ROCHESTER, JERMAINE WILKINS, and RAYMOND DONNERSTAG,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**CITY OF EAST ORANGE**,<br><br>    Defendant. | Civil Action No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Stephen Rochester, Jermaine Wilkins, and Raymond Donnerstag, individually (collectively "Plaintiffs") on behalf of all others similarly situated, by and through undersigned counsel, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action and Class Action Complaint against Defendant City of East Orange, and allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiffs bring this lawsuit against Defendant as a collective action on behalf of themselves and all other persons similarly situated – law enforcement officers – who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Plaintiffs also bring this lawsuit against Defendant as a class action on behalf of themselves and all other persons similarly situated – law enforcement officers – who suffered damages as a result of Defendant's violations of the NJWHL pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. §216(b).

5. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.[1]

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiffs performed non-exempt duties for the Defendant in Essex County, New Jersey, within the jurisdiction and venue of this Court.

8. Plaintiffs are individuals residing in Essex County, New Jersey.

9. At all times pertinent to this Complaint, the Defendant, City of East Orange, was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

10. This Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or

---

[1] The Third District recently held that Federal Rule of Civil Procedure 23 class action lawsuits are not "inherently incompatible" with the FLSA's opt-in procedure, thus, such Rule 23 class action lawsuits are permissible and the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 29 U.S.C. § 1332(d) (2012). See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012).

2

indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

## PARTIES

### Defendant

11. Defendant, City of East Orange, ("East Orange"), is a governmental agency providing police protection services through the City of East Orange Police Department, New Jersey.

12. Upon information and belief, East Orange's principle executive office is located in Essex County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, East Orange employs persons such as Plaintiffs and other similarly situated employees to work on its behalf in providing labor for its benefit.

14. At all times relevant to this Complaint, East Orange was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

### Plaintiffs

15. Plaintiff Stephen Rochester was hiredby Defendant as a law enforcement officer in approximately 2003, and is currently employed by Defendant.

16. Plaintiff Jermaine Wilkins was hiredby Defendant as a law enforcement officer in approximately 2003, and is currently employed by Defendant.

17. Plaintiff Raymond Donnerstag was hired by Defendant as a law enforcement officer in approximately 2005, and is currently employed by Defendant.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

19. Plaintiffs bring their NJWHL claims on behalf of all persons who were employed by Defendant at any time since September 24, 2009, in the State of New Jersey, to the entry of judgment in this case (the "Class Period"), who were employed by Defendant as law enforcement officers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the NJWHL and who have not been paid for all hours worked by them and have not been paid overtime wages (the "Class").

20. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known at this time, and the facts on which to calculate the number of such persons is within the sole control of Defendant; it is believed that there have been at least 350 members of the Class during the Class period.

21. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

22. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class.

23. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

24. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the class.

25. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## **FACTS**

26. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

27. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL.

28. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

29. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendant.

31. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendant.

32. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiffs and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

33. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked overtime hours in one or more work periods, on or after September 2009, and did not receive time and one-half of their regular rate of pay.

34. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually, and as a class, and have incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

35. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each overtime hour worked per work period.

37. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

6

38. Defendant knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

39. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

40. As a result of Defendant's willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II

## RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE NJWHL

41. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Defendant's aforementioned conduct is in violation of the NJWHL.

43. As a direct and proximate cause of Defendant's actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

44. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, Stephen Rochester, Jermaine Wilkins, and Raymond Donnerstag, and those similarly situated to them who have or will become part of this action, demand judgment, against Defendant, City of East Orange, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Case 2:13-cv-05988-DMC-JBC Document 16-1 Filed 09/24/12 Page 8 Page 8 Page ID 205

7

Dated: September 24, 2012    Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
12 South Orange Ave, Suite 3R
South Orange, NJ 07079
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*