NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN ROCHESTER, JERMAINE WILKINS, and RAYMOND DONNERSTAG, | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | OPINION |
| v. | Civil Action No. 2:12-cv-5988 (DMC)(JBC) |
| CITY OF EAST ORANGE, Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion for Conditional Class Certification by Plaintiffs Stephen Rochester, Jermaine Wilkins, and Raymond Donnerstag (collectively "Plaintiffs"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiffs' Motion for Conditional Certification is **granted**.

I.    BACKGROUND[1]

Plaintiffs are law enforcement officers employed by Defendant City of East Orange ("Defendant"). Plaintiffs allege that Defendant did not compensate Plaintiffs and other similarly situated employees for overtime hours and that Defendant has engaged in a widespread pattern, policy, and practice of violating the Fair Labor Standards Act (the "FLSA") and New Jersey State Wage and Hour Law ("NJWHL"). Plaintiffs claim that they are entitled to compensation for all hours they have worked in excess of forty within a given week.

---

[1] The facts from this section are taken from the parties' pleadings.

1

Plaintiffs filed a Complaint on September 24, 2012 on behalf of themselves and other similarly situated employees alleging i) violation of the FLSA, and ii) violation of NJWHL (ECF No. 1). On May 30, 2013, Plaintiffs filed the instant Motion for Conditional Class Certification (ECF No. 24). Defendant filed an Opposition on July 1, 2013 (ECF No. 36). Plaintiffs filed a Reply on July 15, 2013 ("Pl.'s Reply.," ECF No. 41). Plaintiffs concede in their Reply that the NJWHL claim should be dismissed. Thus, this Court will only address Plaintiffs' FLSA claim.

## II. STANDARD OF REVIEW

The Fair Labor Standards Act ("FLSA") governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week. 29 U.S.C. §§ 202, 207. The Act provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act. Section 216(b) specifically provides:

> [a]n action to recover ... liability may be maintained against any employer ... by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This provision allows a group of employees to proceed in a collective action, which enables them to pool their resources to "vindicate their rights" at lower cost. Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1985).

District courts have discretion in prescribing the terms of notice of communication from the named plaintiffs to potential class members on whose behalf the action was filed. See id. at 169. In order for a collective action to proceed under § 216(b): (1) named plaintiffs must show that potential class members are "similarly situated" and (2) members must affirmatively opt-in. See Armstrong v. Weichert Realtors, No. 05–3120, 2006 WL 1455781, at *1 (D.N.J. May 19,

2

2006).

Although the FLSA does not define "similarly situated," courts in the United States Court of Appeals for the Third Circuit employ a two-step approach: a notice and conditional certification stage, and a final certification or decertification stage. First, the court determines whether potential class members are similarly situated and should be given notice of the action. See Herring v. Hewitt Assocs., Inc., No. 06–267, 2007 U.S. Dist. LEXIS 53278 at *6–7 (D.N.J. July 27, 2007) (citing Morisky v. Public Service Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000). At this stage, the court usually only has evidence before it in the form of pleadings and affidavits, so the court uses a fairly lenient standard to determine whether potential collective action members are similarly situated and the court's determination "typically results in conditional certification of a representative class." Id. at *7. Plaintiffs must show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Herring, 2007 U.S. Dist. LEXIS 53278, at * 13 (quoting Aquilino v. The Home Depot, Inc., No. 04–4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6, 2006)). The merits of the plaintiff's claim need not be evaluated and discovery need not be completed in order for such notice to be granted and disseminated. Id. at * 14 (citing Aquilino, 2006 U.S. Dist. Lexis 66084, at *5). Even if the Court conditionally certifies and provides notice to potential plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in the action, as new facts emerge.'" Id. at *12 (quoting Sperling v. Hoffman–LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988)).

At the second stage, after the court has more evidence and is ready for trial, it will apply a stricter standard. See Morisky, 111 F.Supp.2d at 497. If the court finds that the plaintiffs are

similarly situated, it will make a final decision to proceed as a class action. Id.

## III. DISCUSSION

Defendant first asserts that this Court should not conditionally certify Plaintiffs' class because Defendant had no agreement with Plaintiffs to pay them overtime for all hours worked in excess of forty in a given work week. Rather, Defendant states that Plaintiffs' overtime compensation is governed by the "7(k) exemption" to the FLSA, which provides that no public agency shall be deemed to have violated the overtime requirements of the FLSA if:

> in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours . . . bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k)(2). The Code of Federal Regulations clarifies that, for law enforcement officers, the ratio is 171 hours to 28 days. Thus, Defendant asserts that a law enforcement officer who works a 28 day work period is not entitled to overtime compensation until he has worked in excess of 171 hours in that 28 day cycle. Plaintiffs do not dispute that the 7(k) exemption governs their overtime hours, but instead contend that the statement in the Complaint that they are entitled to overtime compensation for "all of the hours worked in excess of forty (40) within a work week" was a "scrivener[']s error" (Pl.'s Reply at 3). At this stage in the litigation, this Court will accept Plaintiffs' assertion that the reference to a 40-hour work week was a scrivener's error.

Second, Defendant asserts that Plaintiffs' Motion should be denied because Plaintiffs' declarations do not show that the extra time they worked exceeded the 171 hour threshold. However, this Court need not determine whether Plaintiffs are actually owed overtime compensation at this point; this Court need only determine whether potential class

4

members are similarly situated to Plaintiffs.

Third, Defendant claims that Plaintiffs have not alleged the existence of a common employer practice in violation of the FLSA. This Court disagrees. The Declarations of Plaintiffs claim that Defendant's policy included not paying employees for time worked before and after scheduled shifts and that Defendant did not have a mechanism in place to properly track the amount of time worked by employees.

Finally, Defendant argues that Plaintiffs have not shown that they are similarly situated to members of the putative class. To support this proposition, Defendant relies heavily on Rogers v. Ocean Cable Grp. Inc., No. 10-4198, 2011 WL 6887154 (D.N.J. Dec. 29, 2011). In Rogers, the court found that the plaintiffs did not show that they had personal knowledge of other employees working in excess of forty hours per week. Id. at *4. The court reasoned that "[a]lthough each plaintiff submitted an affidavit stating they worked in excess of 40 hours in a workweek, what they are essentially asking the Court to do is to assume that because they worked in excess of 40 hours in a workweek that the other technicians must have as well." Id. However, in Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 565 n. 11 (S.D.N.Y. 2012), the Southern District of New York found that the case before it was distinguishable from Rogers because the plaintiffs in that case "affirmed that other field technicians worked more than forty hours without overtime pay, based on Plaintiffs' conversations with them." Similarly, in the instant case, Plaintiffs' affidavits demonstrate that they have personal knowledge of similarly situated employees. For example, the Declarations of Stephen Rochester, Jermaine Wilkins, Bridget Awuah, and Nicole Challeran state that these Plaintiffs have spoken to other officers regarding the unpaid overtime (See ECF No. 34, Ex. C). Further, the Declarations of Tamieka Dwyer and Philip Rodriguez state that these Plaintiffs have observed other employees not being paid for overtime hours (Id.).

5

This Court finds that these allegations are sufficient to succeed on a motion for conditional certification. See Purnamasidi v. Ichiban Japanese Rest., No. 10-CV-1549, 2010 WL 3825707, at *4 (D.N.J. Sept. 24, 2010) (finding that although an affidavit of one employee that stated that "I regularly see other employees, such as waiters, waitresses, and bussers working the same hours and receiving the same type of pay as I do" was "the barest minimum" that could be presented by the plaintiff, it was nonetheless enough to grant conditional certification).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification is **granted**. An appropriate order follows this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date: December 3⁰, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File

6