## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiffs, **STEPHEN ROCHESTER, JERMAINE WILKINS, and RAYMOND DONNERSTAG** (the "named Plaintiffs"), on behalf of themselves and others that have opted into this matter, and Defendant, CITY OF EAST ORANGE ("Defendant" or "the employer"), on the other hand to resolve the claims alleged in Rochester et.al. v. City of East Orange, Case No.: **12-cv-05988**, pending in the United States District Court for the District of New Jersey ("the Litigation").

Defendant and the Named Plaintiffs (collectively the "Settling Parties") agree to do all things and procedures reasonably necessary and appropriate for: (a) payment by Defendant of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; and (b) other valuable monetary and non-monetary consideration as set forth in this Agreement.

### I.  CONSENT TO COURT-FACILITATED NOTICE

**A.**  Claimants.  For settlement purposes only, the Settling Parties agree that the Named Plaintiffs, and the Opt-In Plaintiffs of which there are one hundred and forty one (141) are similarly situated for purposes of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and consent to Notice to Named Plaintiffs, and Opt-in Plaintiffs.

1

II.     **MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS**

    A.     **Notice of Settlement**

        1.  Defendant, shall mail to all Opt-in Plaintiffs, a Notice of Settlement of Lawsuit for Unpaid Overtime as well as a check (hereinafter "Notice Packet").

        2.  If any Notice Packet is returned as undeliverable for the Named Plaintiffs, and/or Opt-In Plaintiffs, Defendant's counsel shall promptly attempt to locate such Plaintiffs, and/or Opt-In Plaintiffs through an electronic search using the Social Security number and/or former address of that person and shall promptly mail an additional Notice Packet and check to such person, if other locations are found.  These Opt-In Plaintiffs shall have an additional thirty (30) days by which they can endorse the check sent to them (herein "check") from the original thirty (30) days provided in this Agreement.

        3.  The Named Plaintiffs, and Opt-In Plaintiffs, must timely endorse their check, within thirty (30) days from the date of the mailing of the Notice Packet.

        4.  At the conclusion of the settlement administration process, Defendant shall maintain an electronic copy of all checks that were returned by Plaintiffs.

    B.  **Defendant's Payment Obligations.**  Defendant shall issue checks to the named Plaintiffs in the amount of $1,500.00 each, $251.77 to all opt-in Plaintiffs, as well as $20,000.00 in attorneys' fees to the Jaffe Glenn Law Group, P.A.; the aggregate amount of $60,000.00.

Subject to Defendant's obligation to comply with applicable laws, the Settling Parties anticipate that all settlement amounts shall not be subject to withholding and shall be reported to the IRS on Form 1099.

3. <u>Service Payment.</u> From the Gross Fund, the three (3) named Plaintiffs shall seek a Service Payment of One Thousand Two Hundred and Forty Eight Dollars and Twenty Three Cents ($1,248.23) each, as a Service Payment for their involvement in commencing and discovering the claims represented in this litigation, and asserting this claim for the benefit of all Opt-In Plaintiffs.

4. <u>Attorneys' Fees and Costs Amounts</u>. Plaintiffs' Counsel shall receive an award of Twenty Thousand Dollars and 00 cents ($20,000.00) and shall constitute full satisfaction of any and all obligations by Defendant to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of all Plaintiffs. Plaintiffs' Counsel waives all other rights for attorneys' fees and costs, except those associated with the enforcement of this agreement. Defendant shall report the payment of these fees, expenses and costs to Plaintiffs' Counsel on an IRS Form 1099.

a. <u>Tax Advice.</u> Named Plaintiffs, on behalf of themselves, and Opt-In Plaintiffs, acknowledge and agree that they have not relied upon any advice from Defendant or Plaintiffs' Counsel as to the taxability of the payments received pursuant to this Agreement.

### III. RELEASE

A. <u>Release By Plaintiffs</u> In exchange for the monetary consideration recited in this Agreement, the Named Plaintiffs and all opt-in Plaintiffs that timely endorse their check, do hereby agree to dismiss the Litigation, with prejudice, which shall release Defendant and its subsidiaries, affiliates, divisions, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, attorneys, employees and assigns (collectively the "Released Parties") from: (a) all FLSA claims pled in the Complaint; (b) all claims for unpaid

overtime under the FLSA or any analogous state law, whether known or unknown, that were or could have been asserted in this matter, arising from their employment with Defendant between September 24, 2009, and September 23, 2012; and (c) all claims for penalties, liquidated damages, interest, attorneys' fees, or litigation expenses based on the claims listed in (a) and (b) above. (The claims being released are referred to in this Agreement as "Released Claims").

   **B.** Named Plaintiffs and Qualified Claimants also shall be deemed to have acknowledged and agreed that: (1) the County fully denies that any money is owed; that Defendant did not violate my Federal or State Statues relating to wages, and that Plaintiffs sign this agreement fully aware of these facts.

### IV. NOTICES

All Notice Packets, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiffs:

        Jodi Jaffe, Esq.
        Jaffe Glenn Law Group, P.A.
        301 North Harrison Street
        Suite 9F, #306
        Princeton, NJ 08540
        Telephone: (201) 687-9977
        Facsimile: (201) 726-0046

Counsel for Defendant:      CLEARY, GIACOBE, ALFIERI, JACOBS, LLC
             169 Ramapo Valley Road, UL – Suite 105

                                              Oakland, New Jersey 07932
                                              Attorneys for Defendant

### V. **REPRESENTATION BY COUNSEL**

The Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

### VI. **NO ADMISSION OF LIABILITY**

Defendant enters into this Agreement to avoid further expense and disruption to its business. In fact Defendant, believes there is no liability whatsoever for the Claims brought by the Plaintiffs in this matter. The Settling Parties acknowledge and agree that Defendants deny the liability for the actions that are the subject matter of this Agreement and that Plaintiffs sign this agreement being aware of this fact.  This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement.  The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity.

### VII. **MODIFICATION OF AGREEMENT**

This Agreement may not be modified or amended except in writing, signed by the

affected Settling Parties or the respective counsel of record for the Settling Parties.

VIII.     **CONSTRUCTION AND INTERPRETATION**

A.     Entire Agreement.  This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the parties.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof.  The Named Plaintiffs and Defendant participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel.  As such, neither the Named Plaintiffs nor Defendant may claim that any ambiguity in this Agreement should be construed against the other.

B.     No Reliance on Representations or Extrinsic Evidence.  Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms.  In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

C.     Controlling Law.  This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of New Jersey and the applicable Federal law, both in its procedural and substantive aspects, and without regard for the

principle of conflict of laws, and shall be subject to the continuing jurisdiction of the Circuit Court of the United States District Court for the District of New Jersey.

  **D.** <u>No Assignment</u>.  Plaintiffs' Counsel and the Named Plaintiffs, on behalf of themselves, and the Opt-In Plaintiffs, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

  **E.** <u>Severability</u>.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, except the Release, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Settling Parties remain materially the same.

  **IX.** **<u>COUNTERPARTS</u>**

  This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All counterparts of any such document together shall constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

  **X.** **<u>AUTHORITY OF COUNSEL</u>**

  **A.** <u>Facsimile and Email Signatures</u>.  Any Settling Party may execute this Agreement by signing or by causing its counsel to sign on the designated signature block below and

transmitting that signature page *via* facsimile or email to counsel for the other Settling Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

  **B.** <u>Voluntary Signature</u>. <u>Warranty of Counsel</u>. Plaintiffs' Counsel warrant and represent that they are expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for Defendant warrants and represents that they are authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to this Agreement in order to effectuate its terms.

| DATED:_____ ___, 2016 | CITY OF EAST ORANGE<br><br>By: _____ |
|---|---|

| DATED:_____ ____, 2016 | **STEPHEN ROCHESTER**<br>_____ |
|---|---|

| DATED: _____ ___, 2016 | **JERMAINE WILKINS**_____ |
|---|---|

8

| | **RAYMOND DONNERSTAG** |
|---|---|
| DATED: _____ ___, 2016 | _____ |